| | |
|---|---|
| TYLER OVERSTREET; LAURA OVERSTREET; and OLIVIA OVERSTREET,<br><br>    Plaintiffs,<br><br>v.<br><br>ROANE COUNTY BOARD OF EDUCATION; ROANE COUNTY, TENNESSEE; ROBERT DILL; and TONI MCGRIFF,<br><br>    Defendants. | No. 3:08-cv-401<br>(Phillips) |

## MEMORANDUM AND ORDER

On October 7, 2008, Defendants Roane County Board of Education, Toni McGriff, and Robert Dill filed a Motion to Dismiss. [Doc. 3] Likewise, on October 21, 2008, defendant Roane County, Tennessee filed a Motion to Dismiss [Doc. 6]. Plaintiffs failed to timely respond to either of these motions; accordingly, on November 19, 2008 and December 4, 2008, respectively, this court issued two orders to show cause [Docs. 9, 10], directing plaintiffs to demonstrate in writing to the court why defendants' motions should not be granted and the action dismissed. In the Second Order to Show Cause [Doc. 10], plaintiffs were explicitly cautioned that a failure to respond could result in dismissal of the action. Plaintiffs having failed to respond to the motions to dismiss or the orders to show cause, the action is **DISMISSED** for failure to prosecute.

**I.    BACKGROUND**

On September 2, 2008, plaintiffs initiated this action in the Chancery Court for Roane

County, Tennessee. Plaintiffs allege that on August 22, 2008, plaintiff Olivia Overstreet was attacked by another student at the Roane County High School. Plaintiffs allege that defendant Robert Dill, principal of Roane County High School, violated plaintiff's constitutional rights in his handling of the matter. Plaintiffs allege that defendant Toni McGriff, Superintendent of Roane County Schools, continued the constitutional violation by defending Principal Dill's actions.

The action was removed to this court on September 30, 2008. On October 7, 2008, defendants Robert Dill, Toni McGriff, and Roane County Board of Education filed a Motion to Dismiss [Doc. 3] and accompanying memorandum. On October 21, 2008, defendant Roane County, Tennessee also filed a Motion to Dismiss [Doc. 6] and accompanying memorandum. Plaintiffs failed to respond to either motion within the time limit required by Local Rule 7.1(a). E.D.TN. LR 7.1(a) (parties have twenty days to respond to dispositive motions). Accordingly, this court issued an Order to Show Cause [Doc. 9], directing plaintiffs to demonstrate in writing good cause for their failure to respond to defendants' motions. Plaintiffs also failed to respond to the Order to Show Cause. On December 2, 2008, the court issued a Second Order to Show Cause [Doc. 10], again instructing plaintiffs to demonstrate in writing good cause for having failed to respond to defendants' motions to dismiss and why the motions should not be granted. Plaintiffs were cautioned that a failure to respond could result in dismissal of the action. Plaintiffs have failed to respond to the Second Order to Show Cause.

II.     ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the or any claim action against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) ...

operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Although couched in terms of an order upon a defendant's motion, it has long been recognized that this rule authorizes a district court's sua sponte dismissal of an action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962); *see also, e.g.*, *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) ("Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim. 'This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties.'" (internal citation omitted) (quoting *Knoll v.* AT&T, 176 F.3d 359, 363 (brackets and internal quotation markets omitted))); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001) ("Rule 41(b) recognizes the power of the district court to enter a sua sponte order of dismissal."); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (same).

Before employing such authority under Rule 41(b) sua sponte, however, the court must undertake a four-factor analysis, considering

> (1) whether the party's failure is due to willfulness, bad faith, or fault;
> (2) whether the adversary was prejudiced by the dismissed party's conduct;
> (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
> (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*E.g.*, *Schafer*, 529 F.3d at 737; *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005); *Bowles v. City of Cleveland*, 129 F. App'x 239, 242 (6th Cir. 2005). Although "none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Bowles*, 129 F. App'x at 242 (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.2d 586, 591 (6th Cir. 2001)).

The court finds that these factors weigh in favor of dismissal of this action. First, it is clear that failure to prosecute has resulted from the fault of plaintiffs' counsel. Under Local Rule 7.1(a), plaintiffs' responses to the defendants' motions to dismiss were due on or before October 30, 2008

and November 13, 2008, respectively. The Order to Show Cause issued by the court granted counsel an opportunity to respond to the motions to dismiss or to move the court, upon an issuance of good cause, for an extension of time in which to respond. Counsel continued to neglect this action even after the issuance of the Order to Show Cause afforded counsel the opportunity to rectify the failure to respond, and indeed counsel has not even attempted to proffer an excuse for the failures to respond to the court.

Further, it is clear that the opposing parties were prejudiced by plaintiffs' failure to respond. Defendants have a clear interest in the expeditious resolution of this action, and prolonging the disposition of their motions to dismiss subjected defendants to unnecessary delay in either dismissing this case or proceeding to discovery.

Third, as previously mentioned, the court gave plaintiffs ample notice that failure to respond or adequately failure to respond could lead to dismissal. Not only did the court issue two orders to show cause, but the Second Order to Show Cause explicitly stated, "Plaintiffs are hereby placed on notice that a failure to respond could result in dismissal of the action." [Doc. 10].

Finally, the fourth factor weighs in favor of dismissal. Any lesser sanction would simply serve to reward plaintiffs for the abandonment of this prosecution. The action has not merely languished in its discovery stages; rather, plaintiffs have failed to respond to two pending dispositive motions. Moreover, the issuance of two orders to show cause, giving plaintiffs multiple opportunities to explain their failure to respond, demonstrates that the court considered less drastic sanctions before dismissal.

In sum, the court finds that all four factors weigh in favor of dismissal.

### III. CONCLUSION

Due to plaintiffs' failure to respond to either motion to dismiss, even after the issuance of two orders to show cause, the court finds dismissal of this action is warranted. The balance of factors further supports that dismissal is appropriate. Accordingly, this action is **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

**ENTER:**

    s/ Thomas W. Phillips
United States District Judge